IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MICHAEL LANE MORRIS,

                Plaintiff,                ORDER

      v.                                        09-cv-766-bbc

WISCONSIN DEPARTMENT OF
CORRECTIONS, GINA SIPPY,
REBECCA BRADTKE and
MELISSA ROBERTS,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On February 1, 2010, I entered an order staying a decision on plaintiff's request for leave to proceed in this case because I concluded that additional information is necessary to determine whether plaintiff can bring this suit under 42 U.S.C. § 1983. Plaintiff was given until February 12, 2010 to file a supplement to his complaint providing additional information about his claim. However, it came to the court's attention that plaintiff was no longer in the custody of the Rock Valley Community Programs Halfway House and had relocated to a new halfway house. On February 24, 2010, I issued an order extending plaintiff's time to supplement his complaint to March 5, 2010 and sent plaintiff a copy of both orders. Plaintiff failed to respond, and judgment was entered March 15, 2010,

1

dismissing the case for plaintiff's failure to prosecute it.

In an odd twist, it turns out that plaintiff never received the February 1 and 24 orders at the new halfway house. Those orders were returned as undeliverable by the postal service on March 16, 2010. That same day, plaintiff submitted a letter requesting the status of the case, providing yet another new address. Because of this confusion, I will again extend the deadline for plaintiff to submit a supplement to his complaint, this time until March 30. I will include copies of the February 1 and 24 orders. Should plaintiff file a proper supplement by the deadline, I will reopen the judgment and allow the case to proceed.

Finally, I will point out that these problems are in part caused by plaintiff, who has the duty to notify the court *immediately* when his address changes. Should plaintiff continue to change addresses without notifying the court as soon as possible, I will have no choice but to let the judgment against him stand.

ORDER

IT IS ORDERED that plaintiff may have an enlargement of time to March 30, 2010,

in which to file a supplement to his complaint.

Entered this 16th day of March, 2010.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

3